

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



RECEIVED

MAR 3 1 2008 *aew*
Mar 31. 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

WALTER L. HILL
_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**08CV1834**
**JUDGE GOTTSCHALL**
**MAG. JUDGE COLE**

                    vs.

Case I._____

(To be supplied by the Clerk of this Court)

STATE OF ILLINOIS
_____

Hon. Richard A. Devine (States Attorney Cook County)
_____

Ms. Kellyne Doyle (Asst. States Attorney)

Mr. Frank Serio( Asst. States Attorney)
_____

Corp. Carlos Ortiz( Northlake Police Detective)

Hon. Thomas M. Tucker( Municipal Judge)
_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

## CHECK ONE ONLY:

_____    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
X          **U.S. Code** (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
           28 SECTION 1331 U.S. Code** (federal defendants)

_____    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.   **Plaintiff(s):**

A.   Name:  WALTER L. HILL

B.   List all aliases:  None

C.   Prisoner identification number:  B58710

D.   Place of present confinement:  Pinckneyville Correctional Center

E.   Address:  5835 St. Rte. 154 Box 999 Pinckneyville Il. 62274-3410

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant:  Hon. Richard A. Devine

Title:  States Attorney for Cook County

Place of Employment:  300 Daly Certer, Chicago, Illinois 60602

B.   Defendant:  Ms. Kellyne Doyle

Title:  Asst. States Attorney for Cook County

Place of Employment:  1500 Maybrook Drive,Maywood Il. 60153

C.   Defendant:  Mr. Frank Serio

Title:  Asst. States Attorney for Cook County

Place of Employment:  1500 Maybrook Drive, Maywood,Il. 60153

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

D. Defendant:Corporal Carlos Ortiz

   Title: Northlake Police Detective

   Place of employment: 55 East North Ave.,Northlake, Il. 60164-2518


E: Defendant: Hon. Thomas M. Tucker

   Title: Circuit Court Municipal Judge (Cook County 4th District)

   Place of employment: 1500 Maybrook Drive, Maywood,Il. 60153

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES xxxx   NO ( )   If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES ( )   NO xxxxx

C.    If your answer is **YES**:

1.    What steps did you take?

N/A

2.    What was the result?

N/A

3.    If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

N/A

D.    If your answer is **NO**, explain why not:

The facts and issues concerning this action has nothing to do with the

IDOC; the facts and issues concerning this action derive from

the malicious prosecution, judicial misconduct, and abuse of judicial

Page3 Cont.

discretion by a circuit cuort judge, and the false imprisonment
deriving from the knowing and willfull violation of Defendants
U.S. Constitutional 14th Amendment Right Due Process of Law
by the State of Illinois for prosecuting defendant for a residential
burglary and not meeting it's burden of proof and convicting defendant
of said crime without any evidence to do so by all defendant parties
listed in this action.

E.    Is the grievance procedure now completed?   YES ( )   NO XXXXXXX

F.    If there is no grievance procedure in the institution, did you complain to authorities?   YES ( )   NO XXXXXX XXXXXX

G.    If your answer is **YES**:

    1.    What steps did you take?     N/A

    _____

    _____

    _____

    2.    What was the result?     N/A

    _____

    _____

    _____

H.    If your answer is **NO**, explain why not:     N/A

    _____

    _____

    _____

    _____

    _____

**IV.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

A.    Name of case and docket number:  MANDAMAS

B.    Approximate date of filing lawsuit:  July 2001

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases:

Walter L. Hill B58710

D.    List all defendants:  Warden Romero, Diane Duft, Corrections Officer
Christine Simmons

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):  Montgomery County

F.    Name of judge to whom case was assigned:  N/A

G.    Basic claim made:  Defrctive Adjustment committee hearing procedures
that caused plaintiff to lose good conduct credit

H.    Disposition of this case (for example:  Was the case dismissed?  Was it appealed?
Is it still pending?):  Dismissed

I.    Approximate date of disposition:  N/A

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE
THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME
FORMAT.  REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED,
YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY,
AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-
PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

A. Name of case: MANDAMAS

B. Appoximate date filed: March 2001

C.List all plaintiffa: Walter L. Hill

D. List all defendants: Warden Burham et al. ( Shawnee C. C.)

E. Court in which lawsuit was filed:  Johnson County

F. Name of judge:  N/A

G.Basic claim made:  Defective adjustment commitee hearing
   procedures which caused plaintiff to lose good conduct credits.

H.Disposition of case: Dismissed

I. Approximate date of disposition: N/A


A. Name of case:  MANDAMAS

B. Approximate date file: March 2002

C. List all plaintiffs: Walter L. Hill

D.List all defendants: Warden Schomig et. al.

E.Court in which lawsuit was filed: Livingston County

F. Name of judge: N/A

G. Basic claim made: Defective adjustment committee hearing
   procedures which caused plaintiff to lose good conduct credits.

H. Disposition of case: Dismissed

I. Approximate date of disposition: N/A


A. Name of case: MANDAMAS

B. Approximate date filed: October 2002

C. List all plaintffs: Walter L. Hill B58710

D. List all defendants: Warden of Western Correctional Center et. al.

E.Court in which lawsuit was filed: Brown County

Page 5 concluded

F. Name of judge: N/A

G. Basic claim made: Defective adjustment hearing committee procedures
   which caused plaintiff to lose good conduct credits.

H. Disposition of the case: Dismissed

I. Approximate date of disposition: N/A


A. Name of case: CIVIL RIGHTS ACT TITLE 42 SECTION 1983

B. Approximate date filed: October 2000

C. Plaintiff: Walter L. Hill B58710

D. Defendants: Warden Romero,Diane Duft, Corrections Officer
   Christine Simmons ( Graham Correctional Center)

E. Court in which lawsuit was filed: Central District Of Illinois

F.Name of judge: N/A

G. Basic claim made: Defective adjustment committee hearing
   procedures which caused plaintiff to lose good conduct credits.

H. Disposition of case: The District Court dismissed plaintiffs caseon the
   grounds that plaintiff did not exhaust his administrative remedies.
   Plaintiff did not show that the judgement was overturned.

I.Approximate date of disposition: N/A


   Plaintiff states that all the above suits were filed in connection
with his incarceration from 1998 thru 2004. Plaintiff doesn't have
the docket numbers and any of the paper work for those cases because
he paroled in August 2004 and all paper work was disposed of because
I didn't want to further pursue those causes of action.

   Plaintiff also states that this fore going action is in no way
connected to those above actions, the I.D.O.C. or anything to do
with the Illinois Department of Corrections. This action is
persuant to the illegal incarceration, malicious procecution, and
   the Official Misconduct perpatrated by the State of Illinois
through the defendants so named in this actionable suit.

## V.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Now comes the Plaintiff, WALTER L. HILL, pro se, who reserves his right to be appointed counsel by this honorable court, and who files this action pursuant to TITLE 28 SECTION 1331 U.S. Code (federal defendants) , against the State of Illonois and the Official Parties herein as defendants:

1. Hon. Richard A. Devine

2. Ms. Kellyne Doyle

3. Mr. Frank Serio

4. Corp. Carlos Ortiz

5. Hon. Thomas M. Tucker

who in their official compacity knowingly and willingly violated plaintiffs XIV Amendment U.S. Constitutional Right by illegally convicting and imprisoning plaintiff for a residential burglary without any evidence to do so.

Plaintiff states that the defendants in this action maliciously prosecuted through acts of official misconduct, abuse of Judicial Discretion and Authority, and convicted plaintiff Beyond A Reasonable Doubt base on no evidence what so ever to do so.

Plaintiff was then sentenced to 14 years in the Illinois Department of Corrections.

6

The defendant Mr. Hill, was found guilty of residential burglary on July 26,2005 and sentenced to 14 years in prison on March 21, 2006. Plaintiffthen appealed the circuit courts finding of guilt beyond a reasonable doubt in a timely manner on April 11, 2006, and the appellate court affirmed the circuit courts finding of guilt on August 17,2007. Defendant then filed a petition for rehearing on August 31, 2007 and that was denied by appellate court on October 19,2007.

Defendant then filed appeal with the Illinois Supreme Court Which was denied on January 30, 2008

Defendant herein states that all the state courts were wrong and erroneous to find and affirm a finding of guilt beyond a reasonable doudt where the state did not meet it's burden of proof where there was no evidence presented before, at or after trial of the plaintiffs participation in any form of crime whether it be the one he was found guilty for or any other at the time of alleged crime taking place.

The Plaintiffs U.S. Const; XIV Amendment Due Process Of Law Rights were Knowingly and willfully, with blatant disregard for his rights by the State of Illinois and the Defendants cited in this action violated knowingly and willingly.

7

## VI.    Relief:

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

The plaintiff requests this Honorable Court to grant plaintiff Habeas Corpus

Relief were as his incarceration is illegal and in violation of his

XIV Amendment U.S. Constitutional Rights and By Federal Law as well as State Law

Plaintiff is entitled to Habeas Corpus Relief of Release from unlawful incarceration.

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information and
belief.  I understand that if this certification is not correct, I may be
subject to sanctions by the Court.

Signed this _15th_ day of _March_ , 20_08_

_Walter I. Hill B58710_

(Signature of plaintiff or plaintiffs)

WALTER L. HILL B58710

(Print name)

B58710

(I.D. Number)

5835 Ste. Rte. 154 Box999

Pinckneyville ,Il.62274-3410

(Address)

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION


WALTER L. HILL
        Plaintiff
    vs.                                     Case No._____
STATE OF ILLINOIS et, al.,
     Defendants.


MEMORANDUM OF LAW IN SUPPORT OF FEDERAL HABEAS CORPUS
         TITLE 28 SECTION 1331 U.S. CODE

    Now comes the Plaintiff, Walter L. Hill pro se, who reserves his
right to be appointed by this honorable court, counsel, and files this
action and memorandum of law in support of section 1331 Federal Habeas
Corpus, against the State of Illinois and all the official parties
herein as defendants who in their official capacity knowingly and
willingly violated plaintiffs XIV Amendment U.S. Constitutional
Right by illegally convicting and imprisoning plaintiff for a
residential burglary without any evidence to do so, nor proving
beyond a reasonable doubt that plaintiff committed any crime at all
including the charge of residential burglary that he is convicted of.

              Point Relied Upon For Habeas Corpus
                          Relief

Walter Hill Was Not Proven Guilty Beyond a Reasonable Doubt of
Residential Burglary Where the Evidence of His Presence Near the
Residence Sometime Before the Burglary, And his Possession of a
Few of the Stolen Items Sometime After the Burglary, Did Not Prove
that Mr. Hill Ever Actually Entered the Residence and Stole the
Missing Items.

                          ARGUMENT
    In criminal prosecutions, the due process clause protects an
accused against conviction upon proof beyond a reasonable doubt
of every fact necessary to constitute the crime with which he is
charged. U.S. CONST.; amend  XIV; Ill  Const.,1970,Art.1&2;
In re winship; 397 U.S. 358, 361-64(1970). The State has the
burden of proving beyind a reasonable doubt all of the material
and essential facts constituting the crime charged. This burden
never shifts to the accused. In this case, in order to prove the
offense of residential burglary, the state was required to prove
that Walter Hill knowingly and without authority entered the home
of Robert Bily to commit a theft therein. 720 ILCS 5/19-3(a)(2004).
The State never met this burden! Therefore the Supreme Court of
Illinois and the appeals court of Illinois's affirmation of the
Circuit Courts finding of Guilt Beyond a Reasonable Doubt based
on "Close Proximity to the Crime and Exclusive Unexplained
Possession of Recently Stolen Property" is in uiolation of the
Plaintiffs Federal and State Constitutional Rights Due Process

                             1

of law.

   To the extent that past Illinois decisions have held that exclusive
and unexplainded possession of recently stolen property is sufficient,
standing alone and without corroborating evidence of guilt, for conviction
of burglary, those decisions, in the light of the United States Supreme Court
holding in County Court v. Allen, 442 U.S. 140, 60L. Ed. 2d 777, 99 S. Ct.
2213(1979), can no longer be applied, even when the inference is reguarded
as permissive. The presumption standing alone does not prove burglary beyond
a reasonable doubt. The person in exclusive maybe the burgler, to be sure,
but he might also be a receiver of stolen property, guilty of theft not
burglary, an innocent purchaser without knowledge that the item is stolen,
or even an innocent victom of circumstances.

   The Illinois Supreme Court adopted this law in Housby, 420 N.E. 2d 155
(1981) in compliance and accordance with the U.S. Supreme Court holding in the
County Court ruling(1979) and is still good law today.

   The llinois Appeals Court, in the recent decision in People v. Natal,
368 Ill. App. 3d 262, 858 N.E. 2d 923, Ill. App. Lexis 1053, 306 Ill. Dec.
865 (2006), held that the Housby test  established by the Illinois Supreme
Court, was not met. The State did not meet the requirements set forth in
Housby.The State never produce any evidence at trial or after trial that
plaintiff committed the crime he has been charged with and convicted for.

   The Illinois Appellate Court reversed the Natal conviction stating that
"Unexplainded possession of recently stolen propertyis insufficient for
guilt beyond a reasonable doubt for Residential Burglary. The same court,
9 months later, upheld plaintiffs conviction stating that unexplainded
possession of recently stolen property is sufficient for a finding of guilt
beyond a reasonable doubt, in complete contradiction to it's previous
ruling in Natal on November 20, 2006.

   The plaintiff brings note here of People v. Ehlert, 285 Ill. Dec. 133,
811 N.E. 2d 620 (Ill. 2004), Were that court held were there was insufficient
evidence defendant killed her infant and reversed by the Illinois Appeals Court
and  upheld by the Ill. Supreme Court noting that:
                   "Simply stated, THe fact that defendant is probably guilty
                    does not equate with guilt beyond a reasonable doubt. We
must point out that in criminal prosecutions, the standard of proof is not
by a preponderance of the evidence, but rather proof beyond a reasonable doubt."
      "What is envolved her is the standard of proof which is applicable
to all crimes. That is to say, conviction beyond a reasonable doubt. Whether the
crime charged be trespass, shoplifting, armed robbery, or murder, the test is
the same. The burden of meeting this standard, falls solely on the prosecusion.
If it fails to meet this burden, a defendantis entitled to a finding of not
guilty. NO defendant is required to prove his innocence.

   When the state cannot meet it's burden of proof, The Defendant Must Go
Free."

   Unexplainded possession is not supported by case law so it does not
support a conviction. The trial court's decision shows that the judge inferred
the burglary merely from the defendants possession of the stolen items and ignored
the admonition of Housby, and the County Court that unexplained stolen
property  standing alone, is not sufficient to reconvict.
  With this present case the permissive inference stands unsupported by
corroberating circumstances.(see Housby)

The record of the present case, at trial, shows tha not only did the evidence to be insufficient to establish defendant guilty beyond a reasonable doubt, but the state clearly failed to meet it's burden of proof. There was never any evidence beforetriial, at trial, or after trial up to current date that Mr. Hill committed the burglary to the Bily's residence for which he is convicted for, and sentence too 14 years imprisonment. This is a clear violation of the plaintiffs U.S. Const; XIV Amendment Constitutional Right as well as his Illinois Constitutional, 1970 Article 1&2 Rights, and this honorable court should grant Plaintiffs Federal Habeas Corpus Title 28 Section 1331 U.S.Code relief.

**NOTICE**

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

SIXTH DIVISION
August 17, 2007

No. 1-06-0928

## IN THE
## APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 04 C4 41169 |
| WALTER HILL, | ) | Honorable Thomas M. Tucker, Judge Presiding. |
| Defendant-Appellant. | ) | |

### O R D E R

Following a bench trial, defendant Walter Hill was convicted of a residential burglary and sentenced to 14 years' imprisonment. On appeal, defendant contends that the State failed to prove him guilty beyond a reasonable doubt. He argues that his presence near the residence before the burglary and his possession of some of the stolen items do not prove he entered the residence and stole the missing items.

At trial, Kathleen Bily testified that at approximately 8:30 a.m. on October 30, 2004, she and her husband, Robert Bily, were exiting their home on North Haber Court in Northlake. She was on her way to work, and Mr. Bily was accompanying her to drive the car back to the house. As she was leaving, she noticed defendant standing by a lamp post at the end of her driveway. She said this was unusual because she had never seen him before in her 15

1-06-0928

years of residence.  Mrs. Bily got into her car and observed
defendant the entire time she was backing out of the driveway
because she did not want to hit him if he crossed her path.
After backing out of her driveway, she stared at defendant, who
had not moved, for 10 to 20 seconds before driving off.

Shortly after being dropped off at work, Mrs. Bily received
a phone call from Mr. Bily.  When she returned home, she found
her jewelry box dumped out on her bed and all the drawers in her
dresser opened.  She noticed that some jewelry, a camcorder, an
Xbox video game system, a game inside of it, and some of its
accessories were missing.  She called the police to report a
burglary, and was able to give them serial numbers for the Xbox
and camcorder.

Ray Tome testified that on October 30, 2004, he worked as an
assistant manager at Village Jewelry and Loan, a pawn shop
located near North 24th Avenue and West North Street in Melrose
Park.  On that day, defendant came into the shop and sold Tome a
camcorder and an Xbox for $100.  Tome recorded the serial numbers
of the items.

Corporal Carlos Ortiz of the Northlake Police Department
testified that on November 3, 2004, he was investigating the
Bilys' burglary.  Ortiz went to Village Jewelry and Loan, where
he learned that an Xbox and a camcorder were pawned there on
October 30, 2004, at around 10:15 a.m.  The pawned items' serial

- 2 -

1-06-0928

numbers matched the ones provided by Mrs. Bily.  Ortiz discovered
defendant was the seller, and returned to the station to prepare
a patrol bulletin to locate him.  However, defendant was already
in custody for an unrelated matter.

On November 4, 2004, Ortiz conducted a lineup where both
Tome and Mrs. Bily identified defendant.

The trial court found defendant guilty of residential
burglary and sentenced him as a Class X offender to 14 years'
imprisonment.  Defendant timely appeals.

On appeal, defendant contends that the State failed to prove
him guilty beyond a reasonable doubt.  He argues that his
presence near the residence before the burglary and his
possession of some of the stolen items do not prove he entered
the residence and stole the missing items.

When a defendant challenges the sufficiency of the evidence
to support his conviction, this court must determine whether,
after viewing the evidence in the light most favorable to the
State, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  People v.
Pollock, 202 Ill. 2d 189, 217 (2002).  It is the trier of fact's
responsibility to determine the credibility of witnesses, weigh
their testimony, resolve conflicts in the evidence, and draw
reasonable inferences from the testimony.  People v. Williams,
193 Ill. 2d 306, 338 (2000).

1-06-0928

The offense of residential burglary requires the State to prove that the offender, in pertinent part, knowingly and without authority entered the dwelling place of another with the intent to commit a felony or theft therein.  720 ILCS 5/19-3(a) (West 2004).  A defendant's possession of recently stolen property is sufficient to support a burglary conviction if (1) there is a rational connection between his possession of stolen property and his participation in the burglary; (2) his guilt of burglary more likely than not flowed from his recent unexplained and exclusive possession of burglary proceeds; and (3) there is evidence corroborating the defendant's guilt.  People v. Housby, 84 Ill. 2d 415, 424 (1981); People v. Gonzalez, 292 Ill. App. 3d 280, 288 (1997).

Defendant argues that the State has failed to satisfy all three prongs of the Housby test.  In construing the first prong of the Housby test, this court has held a rational connection exists between possession of stolen property and participation in the burglary if the inference that defendant obtained the items by burglary is not unreasonable.  Gonzalez, 292 Ill. App. 3d at 288.  In making this determination, the most important factor is whether defendant's possession is proximate in both time and place to the burglary.  Gonzalez, 292 Ill. App. 3d at 288.  In the instant case, defendant sold the stolen property to a pawn shop located approximately two miles from the Bilys' residence,

1-06-0928

approximately 90 minutes after the items were discovered to be
stolen.  These circumstances are sufficient to satisfy the first
prong of the Housby test.  See People v. Caban, 251 Ill. App. 3d
1030, 1034 (1993) (finding that discovering defendant's
possession of stolen property four miles from scene of burglary
on the same day the burglary occurred satisfied first prong of
Housby test).

   With respect to the second prong of the Housby test,
defendant argues that it was "more likely than not" that another
person burglarized the Bilys' residence, fled when Mr. Bily
returned home, and then hid or dropped the stolen items which
defendant later found.  We find defendant's argument to be
unpersuasive.  Minutes before the burglary occurred, Mrs. Bily
observed defendant standing at the end of her driveway.  He did
not move while Mrs. Bily exited her house, entered her car, and
drove away.  Furthermore, defendant was in possession of the
items and sold them approximately 90 minutes after the burglary
occurred.  Examining the plausibility of defendant's current
theory against the theory and evidence provided by the State at
trial, we find it reasonable for the trial court to conclude
defendant was "more likely than not" a participant in the
burglary as opposed to a mere subsequent possessor of the
proceeds.

1-06-0928

Finally, defendant argues there was no corroborating
evidence of his guilt.  However, corroborating evidence in the
form of identifications of defendant by Mrs. Bily and Tome,
defendant's presence and actions near the Bilys' residence
immediately before the burglary, and his possession and pawning
of the items proximate in both time and place to the burglary.
We find that this is sufficient corroborating evidence of his
guilt.  See People v. Burrows, 183 Ill. App. 3d 949, 954-55
(1989) (finding that a defendant's presence near the burglary
when it occurred, his presence in a home near the burglary
containing the stolen items, and his established possession of
the items were sufficient corroborating evidence under the Housby
test).

Accordingly, we find the trial court had sufficient evidence
before it to support a finding of guilt.

For the foregoing reasons, the judgment of the circuit court
of Cook County is affirmed.

Affirmed.

McNULTY, J., with JOSEPH GORDON and O'MALLEY, JJ., concurring.

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,       )
                                            )
            Plaintiff-Appellee,             )
                                            )
                  v.                        )    No. 1-06-0928
                                            )
WALTER HILL,                                )
                                            )
            Defendant-Appellant.            )
                                            )

ORDER

Upon consideration of the petition for rehearing of defendant-appellant,

IT IS HEREBY ORDERED that said petition for rehearing is DENIED.

_____
Justice Jill K. McNulty

_____
Justice Joseph Gordon

_____
Justice Denise O'Malley

ORDER ENTERED

OCT 1 9 2007

APPELLATE COURT, FIRST DISTRICT



## SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

December 3, 2007

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. Walter Hill
Reg. No. B-58710
Pinckneyville Correctional Center
P. O. Box 999
Pinckneyville, Illinois  62274

       Re: No. 105686 - People State of Illinois, respondent, v. Walter Hill, petitioner.  (Appellate Court No. 1-06-0928)

Dear Mr. Hill:

       This office has timely filed your petition for leave to appeal today in the above-entitled cause.  You are being permitted to proceed as a poor person.

       Your petition will be presented to the Court for its consideration, and you will be advised of the Court's action thereon.

             Very truly yours,

             *Juleann Hornyak*
             Clerk of the Supreme Court

JH/jak
cc:   AG CrMadigan
      SA Crim

105686                        SUPREME COURT OF ILLINOIS
                                 CLERK OF THE COURT
                                SUPREME COURT BUILDING
                                SPRINGFIELD, ILLINOIS 62701
                                      (217) 782-2035

                                 January 30, 2008



     Mr. Walter Hill
     Reg. No. B-58710
     Pinckneyville Correctional Center
     P. O. Box 999
     Pinckneyville, IL 62274

     No. 105686 - People State of Illinois, respondent, v. Walter
                   Hill, petitioner.  Leave to appeal, Appellate
                   Court, First District.


          The Supreme Court today DENIED the petition for leave to

     appeal in the above entitled cause.


          The mandate of this Court will issue to the Appellate Court

     on March 6, 2008.