# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1834 | **DATE** | APR 07 2008 |
| **CASE TITLE** | Walter J. Hill (#B-58710) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is directed to clarify whether he is seeking relief pursuant to the Civil Rights Act, 42 U.S.C. § 1983, or federal habeas corpus, 28 U.S.C. § 2254. Failure to respond to this order within twenty-one days will result in summary dismissal of this case, without prejudice to filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk is directed to mail the plaintiff habeas forms and instructions.

■ [For further details see text below.]                                                     Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights or habeas action purportedly pursuant to 28 U.S.C. § 1331. The plaintiff claims that the defendants, a police officer, prosecutors, and a state court judge, violated the plaintiff's constitutional rights during the course of criminal proceedings against him.

It would appear that the plaintiff may have intended to file a habeas corpus petition rather than a civil complaint. Although the plaintiff has used the court's pre-printed civil rights complaint form, in the "Relief" section of the complaint, he specifically invokes habeas corpus and requests his release from prison. (*See* Complaint, p. 8.) In addition, attached to the complaint is a "memorandum of law in support of federal habeas corpus," as well as state court documents demonstrating the plaintiff's exhaustion of state court remedies. Furthermore, the plaintiff attempted to pay the $5.00 filing fee applicable to habeas actions rather than the $350.00 filing fee applicable to civil actions. The statute the plaintiff cites in support of his claims, 28 U.S.C. § 1331, is wholly inapplicable to this case, as that statute provides for a remedy of constitutional violations by federal officers. The statute does not authorize habeas and none of the named defendants in this case are federal officials.

The court cannot, in the context of a civil action, either assess the legality of the plaintiff's criminal convictions or determine his entitlement to an immediate or more speedy release from incarceration. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). "If the prisoner is seeking what can fairly be described as **(CONTINUED)**

|  | mjm |
|---|---|

**STATEMENT (continued)**

a quantum change in the level of custody–whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation . . . then habeas corpus is his remedy." *Glaus v. Anderson*, 408 F.3d 382 386-7 (7th Cir. 2005), *quoting Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir.1991). The plaintiff must file a petition for a writ of habeas corpus, and not a civil complaint, if he wishes to challenge his conviction and continued confinement.

In any event, the court discerns no viable cause of action under the Civil Rights Act. Because the plaintiff indicates that he was convicted of residential burglary in July 2005, any cause of action against the arresting officer would seem to have expired. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Furthermore, both prosecutors and the trial judge are entitled to absolute immunity. *See, e.g., Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process"); *Forrester v. White*, 484 U.S. 219, 228 (1988) (a judge may not be held to answer in civil damages for acts committed in the exercise of his or her judicial capacity). In addition, The Eleventh Amendment bars private litigants' suits against the State. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Finally, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In this case, the plaintiff's claims explicitly call into question the legality of his conviction.

If the plaintiff is in fact pursuing relief under the Civil Rights Act, the court will assess an initial partial filing fee and order installment payments of the $350.00 statutory filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will also conduct a preliminary merits review of the complaint under 28 U.S.C. § 1915A.

If, instead, the plaintiff wishes to pursue habeas relief, then this case will be summarily dismissed. The court is not permitted to "convert" the civil action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.*

For all of the foregoing reasons, the plaintiff is directed to clarify whether he in fact intended to bring a civil rights action against the defendants, or whether he actually intended to seek federal habeas relief. Failure to respond to this order within twenty-one days will result in summary dismissal of this case, with the understanding that the plaintiff did not intend to initiate a civil rights action for damages. Dismissal would be without prejudice to filing a petition for a writ of habeas corpus. The clerk will provide the plaintiff with habeas forms and instructions.